## Chapman, Appellant, *v.* Philadelphia & Reading Terminal Railroad Company.

*Railroads — Widening roadbed — Eminent domain — Injunction — Equity.*

Where a landowner files a bill against a railroad company to prevent the company from taking his land for the purpose of widening its roadbed, and it is alleged as a ground for equitable relief that the company had not obtained municipal consent, but it appears that after the filing of the bill, and before the hearing, such consent had been obtained, the bill will be dismissed without any decree being entered fixing the date at which the right of the plaintiff for damages had its inception.

Argued March 30, 1909. Appeal, No. 65, Jan. T., 1909, by plaintiff, from decree of C. P. No. 2, Phila. Co., Sept. T., 1906, No. 3,302, dismissing bill in equity in case of Chapman Decora-

tive Company v. Philadelphia & Reading Terminal Railroad Company. Before MITCHELL, C. J., FELL, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction. Before WILTBANK, J.
The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*Charles A. Chase,* for appellant.—The action of the defendant company had the specific legal effect of fastening a servitude upon the appellant's property, and if this act upon the part of the defendant company is followed up, as alleged in the answer, by an actual taking, the defendant will be guilty of a trespass for which an action of trespass would lie and to restrain the perpetration of which the appellant is entitled to the benefit of an injunction: Bassett v. Penna. R. R. Co., 201 Pa. 226; Mountz v. Phila., etc., R. R. Co., 203 Pa. 128.

A railroad may not exercise its right of eminent domain until it has acquired the right to build its entire road: Hannum v. Electric Ry. Co., 200 Pa. 44; Penna. R. R. Co. v. St. Ry. Co., 26 Pa. Superior Ct. 159.

Under any view of this case, the lower court undoubtedly committed error in dismissing the complainant's bill, as will be seen by an examination of the case of Real Estate Trust Co. v. Hatton, 194 Pa. 449.

*Abraham M. Beitler,* with him *John G. Lamb* and *Samuel Dickson,* for appellee.—The company's right to build, as it did between 1901 and 1903, is not raised in this case and could not be, for it was set at rest in this court in Twelfth Street Market Co. v. Phila. & Reading Terminal Railroad Co., 142 Pa. 580.

There can be no doubt of the right to widen: Getz's Appeal, 10 W. N. C. 453; McAboy's Appeal, 107 Pa. 548; Volmer's Appeal, 115 Pa. 166; Marlor v. P., W. & B. R. R. Co., 166 Pa. 524; Price v. Railroad Co., 209 Pa. 81; Lodge v. P., W. & B. R. R. Co., 8 Phila. 345; Sutton v. Penna. R. R. Co., 13 Pa. Dist. Rep. 474.

The legal consequences of the location of a railroad are clearly defined by the decisions of this court: Williamsport, etc., R. R. Co. v. Philadelphia & Erie R. R. Co., 141 Pa. 407; Hoffman v. Railroad Co., 157 Pa. 174; Lafferty v. Railroad Co., 124 Pa. 297; Hagner v. Penna. S. V. R. R. Co., 154 Pa. 475.

OPINION BY MR. JUSTICE FELL, May 10, 1909:

The plaintiff was the lessee of a factory building and filed a bill for an injunction to restrain the defendant from appropriating a part of the leased premises for the purpose of widening its roadbed. Of the various grounds of complaint set out in the bill only one was pressed at the argument of the appeal. This is that the defendant had no authority to exercise the right of eminent domain in taking the property in question without having first obtained municipal consent. The ordinance granting permission to the defendant to enlarge the bridge structures over public streets sufficiently to accommodate two additional tracks contained the provision that "it should not be of any effect until after the execution of a contract between the city of Philadelphia and the Philadelphia & Reading Railway, providing for the elevation of the tracks of said company." This contract had not been executed at the time when the bill was filed, but it had been executed before the hearing, and the right was at the time admittedly complete.

The plaintiff has not in any manner been disturbed or interfered with in the possession and enjoyment of its property, and the defendant does not contemplate any entry upon the property without first making or securing compensation. If the plaintiff's contention that the defendant was without authority to exercise the right of eminent domain until municipal consent had been obtained to widen its bridges over city streets be conceded, it still has no standing to obtain an injunction after permission has been granted. The evident purpose in insisting on a decree was to establish a date for the inception of a claim for damages that would permit a recovery for improvements made after the resolution of appropriation

had been passed by the defendant's board of directors. The court was in effect asked to do this by additional request for findings of fact and law, but refused for reasons well stated by the learned judge: "The question of damages is not before this court, and we are not at liberty to indicate at what period of time the right of the plaintiff to damages had its inception, nor whether he has suffered prejudice meanwhile by reason of his improvements and additions to the property. The bill is before us merely on the ground that at this day the defendant should be restrained from proposed action in widening its railway, as described in the pleadings, and as at this day it is conceded by all parties that there is such right, it would seem that nothing further is necessary, the contention of the plaintiff obviously being one advanced in entire good faith, but which has relation merely to the ascertainment of the extent of compensation due him, which is to be determined by another tribunal. For this reason the exceptions on the part of the plaintiff are each and all of them dismissed."

The decree is affirmed.